| B 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS<br><br>Connie L. White | Defendant<br><br>SN Servicing Corporation<br>C/O The Prentice-Hall Corporation System, Inc.<br>2908 Poston Avenue<br>Nashville TN 37203-1312<br><br>Lodge Series IV Trust<br>C/O US Bank Trust NA<br>Attn: Andrew Cecere<br>180 5th Street East Suite 200<br>Saint Paul MN 55101 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br><br>**HARLAN, SLOCUM & QUILLEN**<br>**P.O. BOX 949**<br>**COLUMBIA TN 38402-0949**<br>**931/381-0660**<br>**bknotices@robertharlan.com** | ATTORNEYS (if known) |

PARTY (Check one box only) ☐ 1 U.S. PLAINTIFF ☐ 2 U.S. Defendant ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** Complaint Seeking Damages in Core Adversary Proceeding

NATURE OF SUIT
(Check the one most appropriate box only)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND greater than $500,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|
| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
| NAME OF DEBTOR Connie L. White || BANKRUPTCY CASE NUMBER  20-00786-RM1-13 ||
| DISTRICT IN WHICH CASE IS PENDING **Middle District of Tennessee** | DIVISIONAL OFFICE  **Columbia** | NAME OF JUDGE  Charles M. Walker ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | Defendant || ADVERSARY PROCEEDING NUMBER |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE ||
| FILING FEE (Check one box only) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
| DATE May 28, 2020 | PRINT NAME **Keith D Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF) \s\ **Keith D Slocum** ||

B-104

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

This cover sheet must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Connie L. White
xxx-xx-0351　　　　　　　　　　　　　　　　　　BK:　1:20-bk-00786
Debtor　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　Judge Charles M. Walker

Connie L. White
Plaintiff

vs.

SN Servicing Corporation
Lodge Series IV Trust
Defendant　　　　　　　　　　　　　　　　　　　Adv. No.

**Complaint Seeking Damages in a Core Adversary Proceeding**

**I. Introduction**

1.　This is an action for actual and punitive damages filed by the Plaintiff pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This is also an action for violations of the FDCPA.

**II. Jurisdiction and Venue**

2.　Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

3.　This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4.　This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code. This court also has jurisdiction to hear the Fair

Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code

5. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that portions of this complaint are core proceedings within the meaning of 28 U.S.C. § 157 and portions are non-core. With respect to any non-core claims, Plaintiff consents to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Middle District of Tennessee on any such cause of action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

### **III. Parties**

7. The Plaintiff in this case was a Debtor under Chapter 13 of Title 11 in the above-captioned case.

8. The Defendant, SN Servicing Corporation is a mortgage servicing company which conducts mortgage services in the state of Tennessee. SN Servicing Corporation is an agent for Lodge Series IV Trust.

9. The Defendant, Lodge Series IV Trust is the alleged owner of the Plaintiff's mortgage and owns property located in state of Tennessee. Hereafter both Defendants will be referred to as "Defendant".

## IV. Factual Allegations

10. The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on February 6, 2020 and the Defendant was properly notified of the filing in accordance with bankruptcy notification procedures.

11. The 341(a) meeting of creditors in this case was held in Columbia, Tennessee on April 6, 2020 and the plan remains unconfirmed.

12. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiff includes a disputed debt to the Defendant. The Chapter 13 plan as proposed intends to included treatment of the debt to the Defendant as a "continuing" debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision.

13. Plaintiff was in a chapter, case number 18-04210, in which the Defendant filed a claim, copy attached as Exhibit 1. The claim was filed on June 29, 2018.

14. The Defendant then filed a case, 19-08087, in which the Defendant filed a claim, attached as Exhibit 2. The claim was filed on January 14, 2020.

15. The Defendant then filed the POC for the current case, 20-00786, on April 14, 2020, copy attached as Exhibit 3.

16. The Defendant has since filed two amended claims, one was filed on April 28, 2020, which is attached as Exhibit 4. The second was filed on May 6, 2020, which is attached as Exhibit 5.

17. The Plaintiff has proposed a chapter 13 plan and confirmation of that plan is pending for hearing in the bankruptcy Court. Confirmation of the plan is delayed by the Defendant's objection to confirmation. The objection is attached as Exhibit 6.

18. The Defendant also filed a motion to dismiss the Plaintiff's bankruptcy for lacking Good Faith , attached as Exhibit 7.

19. According to the written objection, the pre-petition arrearage is $5,000.00 ($14,508.747) more than proposed in the plan and the GAP payments only are proposed through March, 2020.

## V. Claims for Relief

### Count 1. Claim- Objection- Extent of Lien

20. Plaintiff alleges that the second amended claim overstates the current principal balance $68,070.29 when it should be no more than $58,993.61.

21. Plaintiff alleges that the Fees, costs due are overstated in the second amended claim by $4,432.27.

22. Plaintiff alleges that the "escrow shortage is overstated by $1,672.78.

23. Based on the foregoing, the Plaintiffs ask that the Court disallow the Defendant's claim. In addition, the Plaintiffs ask that the Court determine the appropriate amount, if any, of the Defendant's claim treatment for this bankruptcy.

### Count 2. Failure to Comply with Rule 3001(c)- Sanctions- Attorney's Fees

24. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

25. The Defendant's proof of claim is not complete because it omits required information.

26. Rule 3001 F.R.B.P. requires a itemized list of fees, expenses and charges. The instructions call for a strict accounting of how the amount was applied or assessed which cannot be lumped in one line-item.

27. The Defendant's second amended claim, includes a line item totaling $4,432.27 in fees and cost due. The attached accounting does not account for $4,432.27 in fees and cost. It does include substantial attorney's fees totaling $1,531.00 lumped into only three line-items, as follows:

        013120        $850.00

        013120        $181.00

        013120        $500.00

28. As a preliminary matter, the agreement between Plaintiffs and the note holder provides that the note holder will have the right to be paid back for all of its cost and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. Although this the agreement between the note holder and the Plaintiffs, the Plaintiffs do not have an agreement with SN servicing or with any attorney regarding the aforementioned attorney's fees.

29. At the genesis of these fees, there has to be a contract between the attorney and the note holder or at least between the attorney providing the service and the servicer.

30. No fees have been awarded to the Defendant in previous litigation, so the Plaintiffs are unaware of the basis to charge fees to the Plaintiff's account and contends those fees are excessive and unreasonable.

31. Relating to the $1,531.00 in attorney's fees, the Defendant has not provided a contract for legal services or any supporting documents that would justify or substantiate $1,531.00 in attorney's fees. The Defendant has also failed to provide a strict accounting for

these fees.  The Defendant has combined the fees together into the three line-items which do not provide adequate information of the reasonableness or necessity to charge the fees.

32. Even if the Plaintiffs give the Defendant the benefit of the doubt that a contract for these legal services actually exists, that contract is only allowed pursuant to the parties note and deed.  The agreement is governed by its terms by the laws of the state of Tennessee.  In Tennessee the Rule  can be stated as:

> **a)**  A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> **(1)**  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> **(2)**  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> **(3)**  the fee customarily charged in the locality for similar legal services;
> **(4)**  the amount involved and the results obtained;
> **(5)**  the time limitations imposed by the client or by the circumstances;
> **(6)**  the nature and length of the professional relationship with the client;
> **(7)**  the experience, reputation, and ability of the lawyer or lawyers performing the services;
> **(8)**  whether the fee is fixed or contingent;
> **(9)**  prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> **(10)**  whether the fee agreement is in writing.

33. The Defendant has not provided any information regarding a reasonable fee, but claims to be owed $1,531.00 in Attorney fees.

34. The Defendant has not complied with Rule 3001 (c) and the $1,531.00 should be removed from the claim.

35.  In addition, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i).

36. Finally, the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii).  Had the Defendant complied with

Case 1:20-ap-90076    Doc 1    Filed 05/28/20    Entered 05/28/20 17:35:33    Desc Main
Document      Page 9 of 16

the Rule, this claim may not have been necessary.

### Count 3. Failure to Comply with Rule 3001(c)- Sanctions- Late Charges/Fees

37. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

38. The Defendant's second amended proof of claim is not complete because it omits required information. The amended claim includes $4,432.27 in fees, cost and expenses.

39. Rule 3001 requires a itemized list of fees, expenses and charges. The instructions call for a strict accounting of how the amount was applied or assessed which cannot be lumped in one line-item.

40. Although the Defendant did itemize some of the "late fees" and or other fees, costs, to the extent that the fees, costs are not included in the aforementioned $1,531.00 in attorney's fees total more than the attached $95.27 in the claim.

41. The Defendant has not complied with Rule 3001 (c) and the remaining $2,806.00 should be removed from the claim.

42. In addition, the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i).

43. Finally, the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii). Had the Defendant complied with the Rule, this claim may not have been necessary.

### Count 4. Failure to Comply with Rule 3001(c)- Sanctions- NOPC

44. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

45. Fed. R. Bank. P. 3002.1(c) states that: The holder of the claim shall file and serve on the Debtor, Debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges

(1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the Debtor or against the Debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

46. Plaintiff alleges that the Defendant has assessed the Plaintiff's account as if fees and or expenses have been advances.

47. As the Defendant points out in its motion to dismiss, the Plaintiff has been in bankruptcy the majority of time 2016 through present date. The accountings provided in the numerous claims appear to include fees and or charges that were advanced and assessed against the Plaintiff's account but a review of the 2018, 2019 and current case shows that the Defendant has never filed a notice as would be required under 3002.1

48. Defendant's failure to abide by Fed. R. Bankr. P. 3002.1 has damaged Plaintiff and caused the Plaintiff to incur attorneys' fees.

49. Upon information and belief, Defendant's conduct as described herein is part of a general pattern and practice of conduct by Defendant, which is either expressly authorized by, or not specifically prohibited by, Defendant's policies and procedures.

50. Pursuant to Fed. R. Bankr. P. 3002.1(i), Defendant's failure to comply with Fed. R. Bankr. P. 3002.1 allows the Court, after notice and hearing, to preclude Defendant from presenting any evidence regarding these fees and charges in this adversary proceeding, and/or to award Plaintiff appropriate relief, including actual damages, punitive damages, reasonable expenses, and attorneys' fees caused by Defendant's failure to comply.

### Count 5. Fair Debt Collection Practices Act
### SN Servicing Corporation

51. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

52. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

53. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *Eastman v. Baker Recovery Services (In re Eastman)*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable." *Eastman*, 419 B.R. at 728 (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997)).

54. The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)(quoting *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

55. SN Servicing Corporation is a debt collector as defined in 15 U.S.C. § 1692a.

56. SN Servicing Corporation was attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

57. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a.

58. SN Servicing Corporation violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2) and (10) specifically, by making false and/or misleading representations to Plaintiff, see exhibits 1, 4 and 5.

59. SN Servicing Corporation violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect illegal monetary amounts from the Plaintiff, see Exhibits 3,4 and 5.

60. Upon information and belief, SN Servicing Corporation's actions described herein are the manifestation of a pattern and practice of conduct by SN Servicing Corporation which is either required, or not specifically prohibited by its policies and procedures, to ignore the provisions of the Bankruptcy Code and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, the SN Servicing Corporation's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f generally and §1692(f)(1) specifically.

61. As a direct and proximate result of SN Servicing Corporation's violations of the FDCPA, Plaintiff has been damaged.

62. Plaintiff is entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

### Count 6. Breach of Contract- deed of trust/note

63. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

64. A contractual relationship exists between the Plaintiff and Defendant.

65. The parties note and deed of trust control the continuing mortgagor/mortgage relationship. The Defendant has breached by not giving proper notice to the Plaintiffs' pursuant to provision 12 in the deed of trust.

66. The Defendant asserts $4,432.27 in pre petition fees, cost and charges due. However, the Plaintiff submits that shey did not get mail notice concerning these charges and that these charges are excessive and unreasonable.

67. Based on the foregoing, the Defendant has breached the contract between the parties, the Plaintiff has been damaged and is entitled to damages and equitable relief.

### VI. Actual Damages

68. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully

set forth herein.

      69.     In this case, the Plaintiff has suffered the following actual damages:

          a.     Travel expenses
          b.     Attorney fees
          c.     Mailings
          d.     Paying interest on the incorrect loan amount
          e.     Paying fees and charges that unauthorized, illegal and/or unnecessary and the
               interest that then gets paid on the total loan amount
          f.     Credit Damage
             -     Increased out of pocket expenses
             -     Loss of credit expectancy
             -     Loss of credit capacity
          g.     Emotional distress- stress and anxiety

**WHEREFORE,** the Plaintiff having set forth the claims for relief against the Defendant respectfully prays of the Court as follows:

A.     That the Defendant be required to answer this Complaint.

B.     Based on the Plaintiff's first claim for relief (paragraphs 20-22, 68-69), the factual allegations and pursuant to 11 U.S.C. §105, 506, and 3001, the Plaintiff asks that the Defendant's claim be disallowed , or alternatively, that the Court determine the appropriate amount of the Defendant's claim.

C.     That based on the Plaintiff's second count, (paragraphs 24-36, 68-69), for the Defendant's failure to provide information regarding the "attorney fees", the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i) and the Plaintiff should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii).

D.     That based on the Plaintiff's third count, (paragraphs 37-43, 68-69), for the Defendant's failure to provide information regarding the "other fees and charges", the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i) and the Plaintiffs should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii).

E.	That based on the Plaintiff's fourth count, (paragraphs 44-50, 68-69), for the Defendant's failure to provide information regarding the "items advanced", the Defendant should be precluded from presenting the omitted evidence pursuant to Rule 3001 (c) (2)(d)(i) and the Plaintiff should be awarded reasonable expenses including attorney's fees caused by the failure pursuant to Rule 3001 (c) (2)(d)(ii).

F.	That the Plaintiff recover from the Defendants actual, statutory and punitive damages and attorney's fees based on the Plaintiff's fifth claim for relief for violations under the FDCPA, (paragraphs 51-62, 68-69), the factual allegations and 15 U.S.C. §1692.

G.	Based on the Plaintiff's sixth claim for relief (paragraphs 63-69), and the factual allegations, the Plaintiff seeks to recover against Defendants appropriate damages and equitable relief for Defendants' breach of contract.

H.	That the Defendant be required to reconcile its records to reflect that the Plaintiff's mortgage payments were current in accordance with the Court Order and issue the corrections to all three credit reporting bureaus to remove any derogatory reporting caused by the Defendant's actions.

I.	That in the event the Plaintiff is successful in this action, that Defendant be enjoined thereafter in attempting to modify the payment records of the Plaintiff to assess any damages and fees awarded in this matter against the Plaintiff's account.

J.	That the Plaintiff recovers against the Defendants all reasonable attorney fees and expenses incurred by the Plaintiff.

K.	That the Plaintiff recovers any further relief as the Court may deem just and proper.

Date this the  28th  day of   May   , 2020.

Harlan, Slocum & Quillen

/s/ Keith D Slocum
Keith D. Slocum BPR 023024
39B Public Square
PO Box 949
Columbia, TN 38402
Phone: (931) 381-0660
Fax: (931) 381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibits:
Exhibit 1: POC 180420 6.29.2018
Exhibit 2: POC 1908087 1.14.20
Exhibit 3: POC 4.14.20
Exhibit 4: Amended POC 4.28.20
Exhibit 5: Amended POC 5.6.20
Exhibit 6: Defendant's objection
Exhibit 7: Defendant's MTD